Spangler and Another *v.* McDaniel.

A. executed a written order directed to B. requesting him to pay C. a sum specified, when B. should collect that amount for A. *Held*, that the order was *prima facie* an acknowledgment that the sum specified was due from A. to C.

Such an order is assignable, under the R. S. 1843, and can be made the foundation of an action.

The order being, in legal effect, a written acknowledgment of a debt due from A. to C., will take the debt out of the operation of the statute of limitations upon unwritten contracts; and a plea, in a suit brought upon the order, that the defendant did not undertake, &c., within six years before the commencement of the suit, is bad.

*May Term, 1852.*

Spangler
v.
McDaniel.

May Term,
1852.

Spangler
v.
McDaniel.

Assumpsit by *C.*, the payee, against *A.* upon a written order drawn by *A.* upon *B.* for the payment to *C.* of a specified sum when *B.* should collect the same for *A.* The declaration alleged, generally, a presentment of the order to the executor of *B.*, and his refusal of acceptance and payment, and that *B.* died before it was presented to him; but did not show when the order was presented for acceptance and payment, nor that notice of the non-acceptance and non-payment had been given; but it averred that, before the presentment, *A.* had withdrawn his funds from *B.*'s hands, that none ever came into the hands of his executor, and that *A.* suffered no loss by the delay of presentment and the want of notice. *Held,* that the declaration was good.

Monday,
May 24.

ERROR to the *Boone* Circuit Court.

Perkins, J.—*Charles* and *George Spangler* brought an action of assumpsit, in 1848, against *William McDaniel,* alleging that said defendant, on the 28th of *September,* 1835, was indebted to them in the sum of 57 dollars and 50 cents; and that, being so indebted, he, at that date, made an order in writing, directed to one *James A. Dunlap,* and thereby requested him to pay to said plaintiffs said sum above mentioned, when he, the said *Dunlap,* should collect that amount for the defendant, which order was delivered to said plaintiffs; that afterwards, and before said order was presented to said *Dunlap,* he died; that one *Alexander Dunlap* was his executor; that said order was presented to said *Alexander,* who refused acceptance and payment, the said *McDaniel* having withdrawn all his funds from the hands of said *James A. Dunlap* before his death, and none having ever come to the hands of his said executor; and it is averred that *McDaniel* sustained no damage by the want of notice, &c. The defendant pleaded non assumpsit, and non assumpsit within six years. Demurrer to the second plea overruled, and final judgment for the defendant.

The order described in the declaration was, *prima facie,* an acknowledgment that the sum named in it was due from *McDaniel,* the drawer, to the payees, the plaintiffs; it was assignable by our statute, and, hence, was itself the foundation of an action. *Nichols* v. *Woodruff,* 8 Blackf. 493.

The *order,* being a written acknowledgment, in legal effect, of a debt due from the drawer, took the debt out

May Term,
1852.

of the operation of the statute of limitations, and the plea setting up that statute was no bar to the action. R. S. p. 686, s. 102. The demurrer to that plea should, therefore, have been sustained.

The declaration does not show when the order was presented for acceptance and payment, nor that notice of non-acceptance and non-payment was given, but it avers that before the presentment, the drawer had withdrawn all his funds from the hands of the drawee, and that he suffered no loss by the delay of presentment and want of notice. Such being the case, the drawer was not discharged from liability by such delay and want of notice, and the declaration is good. This is the rule in cases of checks or orders upon banks, *Hoyt* v. *Seeley*, 18 Conn. 353; and it must be the same in cases of orders upon private individuals. See Story on Bills, s. 367. The questions as to damage will come up on the trial.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*J. Morrison* and *S. Major*, for the plaintiffs.

*L. C. Dougherty*, for the defendant.

