SWIFT *v.* TOUSEY.

By the statute of 21 H. 3, the 28th and 29th days of *February* are accounted but as one day.

That statute being prior to 4 James 1, is in force in this state.

A judgment was rendered by the mayor of *Lawrenceburgh* on the 24th of *February*, 1852. An appeal was taken to the Circuit Court on the 25th of *March* following, the bond being then filed and approved. Appeals from judgments of that officer are governed by the rules provided for appeals from justices of the peace. *Held*, that the appeal was taken within thirty days after the rendition of judgment.

May Term,
**1854.**

Swift
v.
Tousey.

APPEAL from the *Dearborn* Circuit Court.

*Saturday,
June 3.*

STUART, J.—This case was appealed from the mayor's court of the city of *Lawrenceburgh*. On the 24th of *February*, 1852, there was judgment before the mayor. The appeal was taken on the 25th of *March* following, and the bond filed and approved that day.

In the Circuit Court, the plaintiff moved to dismiss the appeal, because it was not taken within thirty days after the rendition of judgment. The Court sustained the motion, and the appeal was dismissed. This is the only error complained of.

Appeals from the mayor of the city of *Lawrenceburgh* are governed by the rules provided for appeals from justices of the peace. The question is, was this appeal taken "within thirty days after the rendition of the judgment?" R. S. 1843, p. 889.

In the year 1852, it appears by the almanac, that the month of *February* had twenty-nine days. Formerly it was provided by statute, that in legal proceedings the 28th and 29th days of *February* should be taken as one day. R. S. 1838, p. 454. But we have not been able to find this provision incorporated in the revision of 1843.

There is an old *English* statute that may have some bearing on the subject. *Blackstone* says that though the bissextile or leap year consists properly of three hundred and sixty-six days, yet by stat. 21 H. 3 the increasing day in the leap year, together with the preceding day, shall be accounted only as one day. 2 Black. Comm. 141. This ancient statute, being prior to 4 James 1, made in aid of the common law, and not inconsistent with our institutions, would seem to be in force in this state. R. S. 1843, c. 60. Regarding the twenty-eighth and twenty-ninth of

*February* as in legal contemplation but one day, the appeal was in time.

If, however, *February* 24th be included, and *February* 29th counted, then the appeal was taken too late—it was thirty-one days after the rendition of the judgment.

There is some confusion in our own reports as to how time should be computed. The question first came up in *Jacobs* v. *Graham,* and it was there held, on the authority of *Arnold* v. *The United States,* 9 Cranch 104, to be the settled rule, that where the computation of time is to be made from an act done, the day on which the act is done should be included. 1 Blackf. 392. This rule was again sanctioned in *Ryman* v. *Clark,* 4 Blackf. 329, *Long* v. *Mc-Clure,* 5 Blackf. 319, and perhaps in other cases which have not fallen under our notice.

It is contended that these decisions have been overruled by *Khron* v. *Templin,* 2 Ind. 146, and *Hathaway* v. *Hathaway, id.* 513. The first of these cases will not bear that construction, for there are ten days intervening whether the day process was issued be included or excluded. But the latter case, placed on the authority of a late *English* decision, must be regarded as directly overruling the former cases.

Adhering to the later doctrine, and excluding the 24th of *February,* the appeal taken on the 25th of *March* was in time.

It is perhaps to be regretted that the rule established in 1 Blackf., *supra,* had'not been adhered to; for it is not so important to the public how the rule in relation to the computation of time is settled, as that it be permitted to remain settled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. S. Major* and *A. Brower,* for the appellant.