HORATIO W. MILLARD v. WILLIAM WILLARD.

In all cases where a point of time, or the doing of an act is referred to, merely as a terminus from which to measure time, the day of the date or of the act, should be excluded.

In such cases, the law recognizes no fractions of days.

*Semble,* That where a time is referred to as a "terminus a quo" in computing time, the first day is excluded in computation, unless in cases where, in order to vest an interest, to prevent a forfeiture, or to prevent the divesting of a right, it is necessary to include the day.

Where a citation to a creditor, under the "Act in relation to poor persons imprisoned for torts," was served on the 18th of October, and the jailor discharged the debtor on the 28th: *Held,* in an action against the jailor for an escape, that the term of ten days *from* the 18th had not expired on the 28th.

THIS was an action of debt, commenced in the Court of Common Pleas, and by the defendant appealed to this Court, where the parties waived a trial by jury, and submitted the case to the Court upon a written statement of facts. The material facts were these:—One Sampson, having been committed to jail in Providence county, of which the defendant was the keeper, upon an execution in favor of the plaintiff, caused a citation under the "Act in relation to poor persons imprisoned for torts," (P. L. 804,) to be served upon the plaintiff on the 18th of October, 1853, after 12 o'clock, M., thus making it obligatory upon the plaintiff within ten days thereafter to deposit with the keeper of the jail a cer-

tain sum for the future board of the prisoner, in default of which the keeper was by law authorized to discharge him. On the morning of the 28th of October, before 9 o'clock, the plaintiff called at the jail, and there learned that at an earlier hour that morning, the defendant, as keeper of the jail, had discharged said prisoner, on the ground of a non-payment of board pursuant to the statute. The plaintiff thereupon sued the defendant, as keeper, for an escape.

*Lapham* for plaintiff.

*T. A. Jenckes* for defendant.

BOSWORTH, J. The decision of this case involves simply the rule for the computation of time. The plaintiff was served with a notice on the 18th day of October, and was required to pay the board of a prisoner who was imprisoned on an execution in his favor, " within ten days from the time of the service of said notice," or the said prisoner would be discharged. The prisoner was discharged by the defendant, as jailor, on the 28th of October. The plaintiff in this suit went to the jail on the morning of the 28th, for the purpose of paying the board, and there ascertained that the prisoner had been discharged.

There is much apparent conflict among the authorities on the question of the computation of time; and it is not possible to classify the various decisions so that they will harmonize upon any settled principle of adjudication. The better opinion, as gathered from the numerous decisions of Courts upon the subject, seems to us to be, that where a time is referred to us a " terminus a

quo" in computation, the first day is excluded in computation, unless in cases where, in order to vest an interest, to prevent a forfeiture, or to prevent the diverting of a right, it is necessary to include the day. In all cases where a point of time or the doing of an act is referred to merely as a terminus from which to measure time, the day of the date or of the act should be excluded. In this case, if we resort to an accurate measurement of time, the process being served after 12 o'clock, M., on the 18th, and the prisoner being discharged before 9 o'clock, A. M., on the 28th, the plaintiff would not have ten days, within which to pay the board from the time of the service of the process. In such cases there are in law no fractions of days, and the day of the service must therefore be included or excluded in the computation. We think it more conformable to right, and more in accordance with the current of decisions, as well as more in harmony with the general rule which seems to have been adopted in the practice of our own Courts, that the day of the date should be excluded. Under this rule, the plaintiff would have the amount of time which the statute impliedly promises him, within which to pay the board : under the other rule (the rule including the first day), he would not.

*Judgment for the plaintiff.*