IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1855, IN THE FORTIETH
YEAR OF THE STATE.

———————

### GALLAGHER *v.* RALEIGH.

*A.*, being indebted to *B.*, drew an order upon *C.* for the payment of the money.
The order did not specify when it was to be payable.
*Held,* that the order was payable on presentment.
*Held,* also, that in order to have recourse upon *A.*, it was incumbent upon *B.*
to present the order to *C.* for payment within a reasonable time.
*Held,* also, that on the non-payment of the order by *C.* upon such presentment,
*B.* had a right to have the order protested, and to sue the drawer at once.

APPEAL from the *Knox* Circuit Court.       *Monday,*
*November* 26,
PERKINS, J.—*Raleigh* sued *Gallagher* for work and labor, 1855.
goods sold, &c., and upon an order as follows:

"$105.95.   Mr. *Hugh Stewart*:  Please pay Mr. *David*
*Raleigh* the sum of one hundred and five dollars and
ninety-five cents, comes due to him off the sixth section.
*August* 16th, 1851.   *Patrick Gallagher.*"

VOL. VII.—1

Issues of fact were formed upon denials of the several demands sued for, were tried, and resulted in a finding and judgment for the plaintiff for the amount of the order above copied, with interest, &c.

The defendant below brings the case here, and contends:

1. That he was not liable to be sued for the amount of the order in question, till after due diligence had been used to obtain the money from the person on whom the order was drawn.

2. That due diligence had not been used.

The order is not in the usual form, and might not, perhaps, imply that the drawer was indebted to the payee in the amount; but evidence tending to show the fact was given, and the Court, sitting as a jury, so found the truth to be, and we must act upon it as established.

The payee, then, having taken the order instead of the money for his demand upon the drawer, was bound to present it in a reasonable time to the drawee for payment. The order was not drawn upon time, but was payable on presentment. Hence, the payee was not bound to take an acceptance from the drawee and give him time for payment. He had a right to have immediate payment, or protest the order for non-payment, and sue the drawer at once. Upon non-payment he could not sue the drawee; there would be nothing between them upon which he could found an action. Had the order been drawn on time and accepted by the drawee, then the payee, when it became due, could have sued upon the acceptance. Such was not the case here. Due diligence in this case would be, presenting the order in a reasonable time for payment. There was evidence tending to show that that was done. The question was for the jury.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*S. Judah*, for the appellant.

*B. M. Thomas*, for the appellee.