CRAFT *v.* THE STATE BANK OF INDIANA.

A note, dated *February* 25, 1848, (being bissextile,) was made payable at a branch of the state bank, ninety days after date, and was protested for non-payment on *Saturday, May* 27, and notice given to the indorser, &c. *Held,* that the note did not mature until the 29th of *May*, and that the demand of payment was premature.

The 12th division of s. 19 of c. 59, R. S. 1843, continued in force the act of *January* 2, 1818, adopting the common law of *England* and the acts of parliament made in aid of it prior to the fourth year of *James I.*, by virtue of which the enactment of 21 *H.* 3, that the 28th and 29th of *February* are to be counted as one day, became the law in this state.

ERROR to the *Ohio* Circuit Court.

GOOKINS, J.—*The State Bank of Indiana*, for the use of the branch at *Madison*, sued the makers and indorser of

Nov. Term, 1855.

CRAFT
v.
THE STATE BANK.

a note dated *February* 25, 1848, payable at said branch ninety days after date. The note was protested for non-payment, on *Saturday*, the 27th day of *May* following, and notice was given to the indorser stating a presentment and non-payment on that day. The Circuit Court found for the plaintiff against the makers and indorser, overruled a motion for a new trial, and gave judgment for the amount of the note and interest.

The question is, when did the note become due? If it matured on *Sunday*, the 28th of *May*, a demand of payment on *Saturday*, as the law then stood, was proper. If the 28th and 29th of *February*, in the bissextile year, are to be reckoned as one day, the demand was premature; otherwise it was not.

This question was considered in the case of *Swift* v. *Tousey*, 5 Ind. R. 196, where it was held that they were to be counted as one day. The defendant in error insists that the 52d section of the act of 1838, p. 454, was repealed by the 4th section, chapter 59, R. S. 1843, p. 1023; but the 12th division of the 19th section of the same chapter, p. 1028, continued in force the act of *January* 2, 1818, (*id.* 1030,) adopting the common law of *England*, and the acts of parliament made in aid of it, prior to the fourth year of *James I.* By virtue of the latter statute, the act of 21 *H.* 3, referred to in the case of *Swift* v. *Tousey*, was in force at the time the demand of payment was made. It follows that the demand was premature, and that the evidence was not sufficient to charge the indorser.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*D. Kelso* and *D. S. Major*, for the plaintiff.

*J. Sullivan*, for the defendant.