Nov. Term,
1861.                          KOHLER v. MONTGOMERY.

KOHLER
v.            Suit upon a promissory note made payable in a bank, against the m ker
MONTGOMERY.        and indorser, averring due presentment, protest and notice. The note was
              dated *February* 3, 1860, and was payable one hundred and twenty days
              after date. The indorser answered by general denial. It appeared in
              evidence, on the trial, that the note was presented for payment, and pro-
              tested for non-payment, on *June* 5, 1860.

         *Held*, that the presentment and protest were premature by one day, as the
              month of *February*, commercially speaking, never has more than twenty-
              eight days.

         *Held*, also, there being no allegation or proof as to whether the makers had
              money, or not, at the place of payment on *June* 6, that a case was not
              made out against the indorser.

         *Held*, also, that if the protest and notice were not regarded as part of the
              complaint, then the averment of due presentment and protest was
              good ; if they were so regarded, then the complaint did not show a legal
              demand and notice of non-payment, and the defect might be taken
              advantage of by the indorser on appeal.

*Wednesday,*      APPEAL from the *Floyd* Common Pleas.
*December 4.*
              PERKINS, J.—*Lutz & Leffler* made a note, payable at a
          bank, to *Kohler.* The note was dated *February* 3, 1860, and
          was payable one hundred and twenty days after date.
          *Koh'er* indorsed the note to the plaintiff. The complaint,
          which is against the maker and indorser, avers that the note
          was duly presented for payment, &c., but does not name
          the day when, &c. *Lutz & Leffler* made default. *Kohler*
          put in the general denial. Trial; judgment for the plaintiff.

              The proof was that demand of payment, and notice of non-
          payment, so far as there were any, were made on *June* 5, 1860.
          This was premature, by one day. Commercially, *February*
          never has but twenty-eight days. Ind. Dig., p. 763. See
          Story on Bills, § 329, as to excluding the day of date in the
          computation of time.

              There were no allegations nor proofs as to whether the
          makers had money at the place of payment on *June* 6, the
          day when payment was to be made, or not. A case, there-
          fore, was not made out against *Kohler*, on the trial. See
          *Spang'er* v. *McDaniel*, 3 Ind. 275.

              But it is contended that as no demurrer was put in to the

complaint, the question of the proper time of making de- Nov. Term, mand of payment cannot be raised on appeal. 1861.

If the protest and notice are not a part of the complaint in this case, (and it was not necessary to make them so,) the complaint does not show the day when demand was made, as it simply avers that it was duly made, and hence a demurrer would not have raised the question. If, on the other hand, the protest and notice were, in this case, made a part of the complaint, they did not cause it to show a legal demand and notice of non-payment, and this defect may be taken advantage of on appeal, by the indorser. *Blacklege* v. *Benedick*, 12 Ind. 389.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, with leave to amend, &c.

*John H. S.otzenburg* and *T. M. Brown*, for the appellant. *W. T. Otto*, for the appellee.