## PORTER ET AL. *v.* HOLLOWAY.

PROMISSORY NOTE.—*Payable in Bank.*—A promissory note payable "at the bank in Delphi" is not negotiable as an inland bill of exchange.

SAME.—*Evidence.*—Whether or not a note is payable in a bank in the State must appear on the face of the note, and cannot be ascertained or shown by extrinsic evidence.

TIME.—*28th and 29th Days of February.*—*Bill of Exceptions.*—In computing the number of days given, within which a bill of exceptions may be filed, the 28th and 29th days of February are to be counted as one day.

From the Carroll Common Pleas.

*B. B. Daily, D. B. Graham, L. B. Sims, J. H. Stewart,* and *R. P. Davidson,* for appellants.

*J. McCabe,* for appellee.

DOWNEY, J.—Suit by the appellee, indorsee, against the appellants, as makers of the following promissory note:

"$400.            CAMDEN, IND., Nov. 3d, 1869.

For value received, one year after date, we promise to pay Thomas H. Tobin, or bearer, four hundred dollars, at the bank in Delphi, with ten per cent. interest from maturity, without any relief from valuation or appraisement laws.

"A. PORTER & SON."

In the rulings of the court upon the pleadings and on

the trial of the cause, the note was treated as a note governed by the law which governs inland bills of exchange.

The statute is, that notes payable to order or bearer in a bank in this State, shall be negotiable as inland bills of exchange, etc.   2 G. & H. 658, sec. 6.

It is our opinion that this note does not fall within this statute.   We think that the note, on its face, should designate the bank in which it is payable, in order to come within the statute.   It should carry upon its face the evidence that it is to be governed by the statute.   The statute requires that it shall be payable in a bank in this State.   This note is made payable in the bank in Delphi.·  If there is but one bank in that place, its place of payment might be ascertained by inquiry.   If there are two or more banks there, it could not be known at which of them it is payable.   We think it can not be left to be ascertained or shown by extrinsic evidence at what bank the note is payable.   The character of the note depends upon whether it is payable in a bank or not, and we think the language of the statute requires that this fact must appear on the face of the note by a statement showing the bank at which it is payable.

A question is made as to whether the bill of exceptions is properly in the record or not.   The facts are these :  on the 5th day of February, 1872, the judgment was rendered, and sixty days were given in which to file the bill of exceptions.   It was filed on the 6th day of April, 1872.   Counsel say there were twenty-four days to be counted in February, thirty-one in March, and six in April, thus showing that the bill of exceptions was filed on the sixty-first day after the judgment was rendered.   This depends upon the question whether the 28th and 29th days of February are to be counted as one or as two days.   This subject was considered by this court in *Swift* v. *Tousey*, 5 Ind. 196, *Craft* v. *The State Bank of Indiana*, 7 Ind. 319, and *Kohler* v. *Montgomery*, 17 Ind. 220.   It was held in all these cases that they were to be regarded as only one day.   The last 'two cases related to the computation of the time when com-

mercial paper matured. The first was with reference to the computation of the time within which an appeal could be taken. .We do not find in the law library the statute of 21 H. 3, referred to by Mr. Blackstone, and hence do not know its exact language. But following the cases to which we have referred, we hold that in the computation of the time in this case the two days should be reckoned as one day.

The decision of the question with reference to the character of the note against the appellee makes it necessary to reverse the judgment.

The judgment is reversed with costs, and the cause remanded, with instructions to proceed in accordance with this opinion.

*Petition for a rehearing overruled.*