## ORDWAY BROTHERS & CO. *vs.* REMINGTON & PERKINS.
## JAMES G. MARKLAND *vs.* JEREMIAH S. REMINGTON.

A lease demised a term of years "from the first day of September now next ensuing," and reserved a rent payable "by equal quarter-yearly payments," the first payment "to be made on the first day of December now next ensuing."

*Held*, that the rent, though payable December 1, was not legally due, and consequently not subject to garnishment as personalty, until after midnight of December 1.

A garnishee's affidavit set forth the required facts and drew from them a wrong conclusion of law.

*Held*, that the court would not regard the conclusion of law.

ASSUMPSIT. Heard by the court, jury trial being waived.

Of these cases that of Ordway Brothers & Co. was brought in the Court of Common Pleas. The case of Markland in the Supreme Court. No question was made in either case of the defendant's liability, and by agreement of counsel both cases were submitted to the Supreme Court to determine which plaintiff was entitled to the funds attached in the hands of a garnishee, these funds being insufficient to settle the claim sued in either of the two actions.

*March* 8, 1879. DURFEE, C. J. The question in these cases arises on the following facts, to wit: One Bainbridge A. Whitcomb was served as garnishee in both cases, being served in the first mentioned December 1, 1877, at 3.15 P. M., and in the second, December 3, 1877. The garnishee had no personal estate belonging to the defendants or either of them in his hands, when served, unless he was then indebted to the defendant Remington in the sum of $337.50, for a quarter's rent. The examination of the garnishee shows that he first became the tenant of Remington under a written lease dated August 18, 1874. The lease demises the tenement let "from the first day of September now next ensuing for and during the full end and term of one year and nine months thence next ensuing." It reserves a yearly rent of $1,350 "by equal quarter-yearly payments during the said term, the first payment thereof to be made on

the first day of December now next ensuing," &c. The tenant held over after his term expired, and continued to occupy the premises until May 31, 1878, without any new agreement. Of course it will be presumed that except in regard to time he held over on the terms of the original demise.

The question is, whether the rent which was payable December 1, 1877, was attachable at 3.15 of the afternoon of that day. This question depends on another, to wit, whether the quarter expired on that or the previous day. For if the quarter expired on that day, then the rent, though payable, was not due until after midnight, and until due, the lessor being owner in fee of the premises demised, it was not personal estate, but the lessor dying, it would have gone as realty to his heirs. *Clun's case*, 10 Rep. 127 ; *Rockingham* v. *Penrice*, 1 P. Williams, 177 ; *Norris* v. *Harrison*, 2 Madd. 268 ; *Duppa* v. *Mayo*, 1 Williams' Saunders, 282, 286, and note 12 ; note to *Ex parte Smyth*, 1 Swans. 342 ; Taylor Landlord & Tenant, § 391 ; 3 Greenleaf's Cruise, *283–5.

Whether the quarter expired December 1st, or November 30th, depends on the construction of the lease. The lease, as we have seen, run " from the first day of September." If the first day of September is included, the quarter expired November 30 ; if it is excluded, the quarter expired December 1. The day is to be included or excluded according to the apparent intention of the parties to the lease ; but if the demise is *from* a given day and there is nothing else to indicate the intention, then, unless there is some particular reason for holding otherwise, according to the weight of authority we think the given day must be excluded. Taylor Landlord & Tenant, § 78 ; 4 Greenleaf's Cruise, *59, and note ; *Atkins* v. *Sleeper*, 7 Allen, 487 ; *Farwell* v. *Rogers*, 4 Cush. 460 ; *Bemis* v. *Leonard*, 118 Mass. 502 ; *Bigelow* v. *Willson*, 1 Pick. 485 ; *Styles* v. *Wardle*, 4 B. & C. 908 ; *Clayton's case*, 5 Rep. 1 ; *Webb* v. *Fairmanner*, 3 M. & W. 473 ; *Millard* v. *Willard*, 3 R. I. 42 ; *Handley* v. *Cunningham's Trustee*, 12 Bush, 401 ; *Sheets* v. *Selden's Lessee*, 2 Wall. 177, 190 ; *Weeks* v. *Hull*, 19 Conn. 376 ; *Blake* v. *Crowninshield*, 9 N. H. 304.

The case of *Ackland* v. *Lutley*, 9 A. & E. 879, is precisely in point. There a house was demised *habendum* for twenty-one years from March 25, 1809, paying rent on certain days of which

March 25th was one, and it was held that the term under the lease did not expire till the end of March 25, 1830. Lord Denman, in delivering judgment, said : " The general understanding is, that terms for years last during the whole anniversary of the day from which they are granted. Indeed, if this were otherwise, the last day, on which rent is almost uniformly made payable, would be posterior to the lease."

The affidavit made by the tenant as garnishee indicates that he supposed the quarter ended on the last day of November. Why he supposed so does not appear. We do not think we can rightly let his opinion influence our decision.

Our decision is that the garnishee did not have any of the personal estate of the defendants or of either of them in his hands until after the first day of December, 1877, and consequently that he is only liable as garnishee in the case of *Markland* v. *Remington*. In coming to this conclusion we assume that the lessor was the owner in fee of the premises demised. If he was merely a leaseholder, we should have to consider the case in another light.

*Stephen Essex*, for Ordway Bros.

*James G. Markland, pro se ipso.*

*Charles H. Parkhurst*, for defendants.

*Stephen A. Cooke, Jr.*, for garnishee.