## HELPHENSTINE v. THE VINCENNES NATIONAL BANK ET AL.

TIME.—*29th of February in Leap-Year.*—*Repeal of Statutes.*—Section 57 of the practice act of January 30th, 1824, R. S. 1824, p. 299, providing "That in every leap-year, the 28th and 29th days of February shall be considered in law as one day," which was re-enacted by section 52 of the practice act of January 29th, 1831, R. S. 1831, p. 409, and again in R. S. 1838, p. 454, was repealed by section 4 of chapter 59, R. S. 1843, p. 1023, and has not since been in force in this State.

SAME.—*Statute of 21 H. III.*—*Cases Overruled.*—The statute of 21 Henry III. makes no provision as to how the 28th and 29th days of February in a leap-year shall be considered in computing periods of less than a year. *Swift* v. *Tousey,* 5 Ind. 196, *Craft* v. *State Bank,* 7 Ind. 219, *Kohler* v. *Montgomery,* 17 Ind. 220 and *Porter* v. *Holloway,* 43 Ind. 35, overruled.

SAME.—*Process.*—*Service of Summons.*—The 29th day of February constitutes a day separate from the day preceding ; and therefore service of a summons on the 25th day of such month, in a cause in a term of court commencing on the 6th day of March succeeding, is sufficient.

SAME.—*Judgment on Insufficient Service.*—*Release of Errors.*—*Waiver.*—A judgment rendered upon a nine days' service of summons, though reversible, on appeal, for insufficient service, is valid ; and such service is cured by a release of errors and waiver of irregularities.

From the Daviess Circuit Court.

*W. Armstrong, J. T. Dye* and *A. C. Harris,* for appellant.
*F. W. Viehe* and *R. G. Evans,* for appellees.

HOWK, J.—In this action, the appellant, as plaintiff, sued the appellees, as defendants, in a complaint of a single paragraph. To this complaint, the appellee, the Vincennes National Bank, separately demurred upon the following grounds of objection :

1. That the complaint did not state facts sufficient to constitute a cause of action ;

2. For a defect of parties plaintiffs, in this, that the appellees John J. McLaughlin and Howard A. Trendley ought to have been, but were not, parties plaintiffs.

The appellees McLaughlin and Trendley demurred to appellant's complaint, for the alleged insufficiency of the facts therein to constitute a cause of action.

These demurrers were severally overruled by the court, and to these decisions the appellees severally excepted.

The appellees jointly answered, in two paragraphs, of which the first was a general denial, and the second paragraph was a special or affirmative defence. To the second paragraph of the answer, the appellant demurred, for the want of sufficient facts therein to constitute a defence to his action, which demurrer was overruled, and to this ruling he excepted. He refused to reply to the second paragraph of the answer, and, for the want of such reply, the court rendered judgment in favor of the appellees and against the appellant, for the costs of this suit, from which judgment this appeal is now here prosecuted.

The appellant has assigned, as error, the decision of the circuit court in overruling his demurrer to the second paragraph of the appellees' answer, and the appellee The Vincennes National Bank has assigned, as a cross error, the overruling of its demurrer to the appellant's complaint.

The object of this action was to have the court set aside, and declare null and void, a certain judgment rendered in and by said court, on the 7th day of March, 1876, in favor of the appellee The Vincennes National Bank, and against the appellant and the appellees McLaughlin and Trendley. In his complaint in this action, the appellant alleged, in substance, that, on the 24th day of February, 1876, the appellee The Vincennes National Bank filed a complaint against the appellant and said McLaughlin and Trendley, in the clerk's office of the said Daviess Circuit Court, demanding judgment therein for $6,000, on a promissory note executed by the appellant and said McLaughlin and Trendley to said Vincennes National Bank; that, on said last named day, the clerk of said court issued the only summons issued in said cause, to the sheriff of Daviess county, Indiana, commanding him to summon the appellant, and said McLaughlin and Trendley, to answer the

complaint of said Vincennes National Bank, on the second day of the next term of said court, to be begun and held in said county on the first Monday of March, 1876, being the 6th day of March, 1876 ; that the said summons was placed in the hands of said sheriff, on the day of its issue, who duly served·the same on the 25th day of February, 1876, on the appellant and said McLaughlin and Trendley, and made return of such service on said summons ; that, on the second day of the said March term of said court, being the 7th day of March, 1876, on the call of said cause, the Vincennes National Bank, by its attorney, produced and read the said summons and return to the court, and, relying solely upon said summons and return, the court caused the appellant and McLaughlin and Trendley to be called, and, upon their failure to appear or answer, to be defaulted ; that, relying solely on said summons, and the said service thereof, as being more than ten days before the first day of said term and the said default entered thereon, the court rendered judgment thereon against the appellant and said McLaughlin and Trendley, in favor of the appellee The Vincennes National Bank, in said cause, for $5,075; that, in truth and in fact, the said summons, so issued in said cause, was not served on the appellant and said McLaughlin and Trendley, ten days before the first day of the March term, 1876, of said court, but was in fact, as was shown by the return of said summons, served on said parties only nine days before the first day of said term, which summons was the only summons issued or served on said parties, and the only notice given them of the pendency of said cause ; that the said default and judgment in said cause, were illegal and void ; that said judgment was a cloud and an apparent lien on and against the appellant's property, and that the appellees McLaughlin and Trendley were made parties defendants to this action to answer as to any interest they might have in said judgment, and to protect

any interest or right they might have therein. Wherefore, etc.

This cause has been submitted to this court for decision, upon a written agreement of the parties, signed by their counsel, as follows:

" We agree, that this cause shall be at once submitted to the Supreme Court, and only two questions shall be presented or argued, viz.:

" 1st. Is the service sufficient?

" 2d. Is the judgment void, so as not to be cured by a release of errors and waiver of all irregularities? "

These two questions we will consider and decide, in the same order in which counsel have presented and discussed them.

1. From the allegations of the appellant's complaint, the substance of which we have already given, it will be seen, that the legality and validity of the service of the summons therein mentioned are not called in question. But the question for decision may be thus stated: Under the facts stated in the complaint, had the service of the summons been made ten days before the first day of the term of the court at which the appellant and his codefendants were defaulted, and the judgment against them was rendered? It is provided in and by section 315 of the practice act, as follows:

" Sec. 315. Every action shall stand for issue and trial at the first term after it is commenced, when the summons has been served on the defendant ten days, or publication has been made for thirty days before the first day of the term." 2 R. S. 1876, p. 162.

Therefore, unless the facts stated in the complaint showed that the service of the summons therein mentioned was made ten days before the first day of the March term, 1876, of the circuit court, it is clear, we think, that the default and judgment mentioned in the complaint

were improvidently and irregularly, at least, entered and rendered. The service of the summons set forth in the complaint was made ten days before the first day of the said March term, if the intervening 29th day of February, 1876, which was the bissextile or leap-year, can be legally counted as one separate and distinct day. If, however, the 28th and 29th days of February, of the leap-year, constitute, under the law of this State, only one day, then it would follow, that only nine legal days intervened between the service of the summons and the first day of the said March term, 1876, of the court below.

In the early legislation of this State, in the first decade after the first organization of our State government, it was provided by section 57 of an " An act regulating the practice in suits at law," approved January 30th, 1824, as follows: " That in every leap-year the twenty-eighth and twenty-ninth days of February shall be considered in law as one day." Rev. Stat. 1824, p. 299.

By section 52 of an act on the same subject and with the same title, approved January 29th, 1831, the same provision was re-enacted by the Legislature of this State, in exactly the same language. Rev. Stat. 1831, p. 409. In the Revised Statutes of 1838, page 454, the same provision, in the same language, was brought forward and became a part of that revision. This provision was not re-enacted, however, in the Revised Statutes of 1843, nor in any subsequent legislation of this State. It is claimed, however, by the appellant's counsel, that the provision above quoted was not repealed in or by the Revised Statutes of 1843, and that, not having been thus repealed, it remained in force until the revision of the statutes in 1852, and was then continued in force by and under section 802 of the practice act, approved June 18th, 1852. 2 R. S. 1876, p. 314. We are clearly of the opinion, however, that the provision above quoted, in relation to the

28th and 29th days of February in every leap-year, was repealed by the express terms of section 4 of chapter 59 of the Revised Statutes of 1843, which section reads as follows:

" Sec. 4. All acts and parts of acts, the subjects whereof are revised and re-enacted in the Revised Statutes, or which are repugnant to the provisions therein contained, together with the provisions of such acts as have not been revised and consolidated in these Revised Statutes, shall be repealed from and after publication as aforesaid, with the exceptions and limitations expressed in this chapter."

The subject of the several acts in 1824, 1831 and 1838, which contained the provision in relation to the 28th and 29th days of February in every leap-year, as we have seen, was "the practice in suits at law ;" and that subject was thoroughly "revised and re-enacted in the Revised Statutes" of 1843. The provision above quoted was not within any of the exceptions and limitations expressed in said chapter, and therefore it followed that the provision in question was absolutely repealed under and by virture of said section 4, above quoted. We think it is certain, therefore, that, if the 28th and 29th days of February, in every leap-year must be considered in law as one day, it is not now by reason of any statutory provision to that effect in this State.

There are, however, some decisions of this court, to the effect that the 28th and 29th days of February in every leap-year must be accounted as but one day. The first case in this court, in which this question was mooted and commented upon, was the case of *Swift* v. *Tousey*, 5 Ind. 196. It was not necessary, perhaps, to the decision of that case or to the conclusion arrived at therein, that the court should have determined, or attempted to determine, the question as to whether the 28th and 29th days of February in leap-year must be considered in law as two days, or as

only one day; but, in the opinion of the court, the two days were apparently regarded in legal contemplation, as but one day. Upon this point, the opinion of the court was founded upon the English statute of 21 Henry III. It was said by the court: " This ancient statute, being prior to 4 James I., made in aid of the common law, and not in-consistent with our institutions, would seem to be in force in this State." This may be conceded, but it seems to us that the statute in question can have no possible bearing on the proper decision of the question now under consideration. The preamble of this statute shows that it was enacted for certain purposes, and to remove doubts in rela-tion thereto, which are unknown to the law of this State. In the English version of this ancient statute, it reads as follows:

" The King unto his Justices of the Bench, Greeting. Know ye, that where within our Realm of England, it was doubted of the year and day that were wont to be assigned unto sick persons being impleaded, when and from what day in the year going before unto another day of the year following, the year and day in a leap-year ought to be taken and reckoned how long it was :

" II. We therefore, willing that a conformity be ob-served in this behalf everywhere within our Realm, and to avoid all danger from such as be in plea, have provided, and by the counsel of our faithful subjects have ordained, That, to take away from henceforth all doubt and ambi-guity that might arise hereupon, the day increasing in the leap-year shall be accounted for one year, so that because of that day none shall be prejudiced that is impleaded, but it shall be taken and reckoned of the same month wherein it groweth ; and that day, and the day next going before, shall be accounted for one day. And therefore we do com-mand you, that from henceforth you do cause this to be published afore you, and be observed. Witness myself at Westminster," etc.

It will be seen, we think, from this statute, which we have set out in full, that it simply provides that the 28th and 29th days of February, as parts of a year which, at common law, consisted of three hundred and sixty-five days, should be accounted for one day, in computing " the year and day that were wont to be assigned unto sick persons being impleaded." The statute makes no provision as to how the two days should be accounted, in computing a number of days, less than one year, in which they might occur ; and therefore it seems to us, that the English statute, conceding it to be in force in this State whenever applicable, is not decisive of the question we are now considering.

By the first rule in section 1 of " An act in relation to the construction of statutes, and the definition of terms," approved June 18th, 1852, it is provided, that " Words and phrases shall be taken in their plain, or ordinary, and usual sense. But technical words and phrases having a peculiar and appropriate meaning in law shall be understood according to their technical import." 2 R. S. 1876, p. 315.

The phrase " ten days," as used in section 315, above quoted, of the practice act, has no peculiar or technical meaning in law. A day, in its legal as well as in its " plain, or ordinary, and usual sense," means a period of time consisting of twenty-four hours, and including the solar day and the night. Co. Lit. 135, a ; Bracton (folio) 264.

Each of the 28th and 29th days of February, in the leap-year, is a day of twenty-four hours' duration ; and, where these two days occur in any period of days less than one year, we are clearly of the opinion, that, under the law of this State, they ought to be and must be regarded and computed as two days, and not as one day, for any purpose.

The case of *Swift* v. *Tousey, supra,* and the cases which follow it, of *Craft* v. *The State Bank of Indiana,* 7 Ind. 219, .

*Kohler* v. *Montgomery*, 17 Ind. 220, and *Porter* v. *Holloway*, 43 Ind. 35, in so far as they are in conflict with the conclusion reached in this case, are overruled.

From what we have said, it follows necessarily, that the service of the summons mentioned in the appellant's complaint was made ten days before the first day of the March term, 1876, of the court below, and was sufficient.

2. The second question submitted by counsel to this court may be regarded as already answered. The judgment mentioned in the appellant's complaint was taken and rendered upon a sufficient service of the summons, as we have seen, and therefore was not void. If, however, the judgment had been taken and rendered upon an insufficient service of the summons, that is, as it was claimed, upon a service of nine days, instead of ten days, before the first day of the term, as the statute requires, we are of the opinion, that the rendition of a judgment, on such nine days' service of the summons, under the facts alleged in the appellant's complaint, would have been simply an error, for which the judgment would have been reversed, on an appeal to this court. Freeman Judgments, section 126, and cases cited.

It follows, therefore, that the appellant and his codefendants, McLaughlin and Trendley, might well have released such error, and waived the irregularities, if there were any, in said judgment; and having done so, as alleged, in the second paragraph of the appellees' answer, such error and irregularities, if any such had existed, would have been cured by such release and waiver, and could not have been made available to the appellant, in this action.

We think, therefore, that the court did not err in overruling the appellant's demurrer to the second paragraph of the appellees' answer, setting up said release of error.

The judgment is affirmed, at the appellees' costs.