## Sarah E. Jones v. August Pothast, et al,

1. *Mechanic's Lien—Charging Separate Estate of Married Woman—Intent—Husband as Agent.*—An intent to change the separate estate of a married woman,is not necessary where her husband as her agent places a house on her land, as to the enforcement of a mechanic's lien thereon.

2. *Motion in arrest of Judgment where there are several Plaintiffs.*—Such a motion, in such a case is like a joint demurrer and must be wholly overruled or wholly sustained. If either of the plaintifis joined together in such motion has stated sufficient facts, the motion will be overruled as to all.

In this case an action was originally brought by Benjamin T. Wait against Sarah E. Jones and Robert A. Jones, her husband, to foreclose a mechanic's lien. The firms of Pothast & Lange, and of McDonough & Townsend, were made parties to the action. Each of these firms filed counter claims, setting up and seeking to enforce like liens upon the same property.

During the progress of the cause the original action was dismissed by the plaintiff therein.

Issues were joined on the counter claims, which were tried by the court and found for the plaintifis therein. Judgment on the finding.

Motion for a new trial and in arrest of judgment overruled.

Judgment at special term affirmed on appeal to general term.

The case is not very clear on the evidence in respect to one point, but we cannot, in accordance with the well settled practice, disturb the finding on the evidence.

The appellant was the owner of a lot on which a house was built. Her husband made the contract in his own name with the contractors for the building of the house; and the point upon which the evidence is not very clear, is, whether he acted as the agent of his wife in making the contract. There was evidence, however, which, as we think, justified the court in inferring that he acted by her consent and as her agent, in making the contract.

The appellant testified, to be sure, that she never intended to charge her separate estate by building the house. But an in-

tent to charge her separate estate was not necessary to the crea-
tion of a mechanic's lien.   If she authorized her husband to act
for her, and as her agent to contract for the building of the
house, the law gives the mechanics the lien, though she may not
have intended to charge the property.   *Shelling* v. *Templeton*, 65
Ind., 585.   *Coal* v. *Myer*, (December 23, 1880).   Anything to the
contrary decided in the case of *Dame* v. *Coffman*, 58 Ind., 355,
must be overruled.

No error was committed in overruling the motion for a new
trial.

The appellant filed the following written motion in arrest of
judgment, viz;

• The defendant, Sarah E. Jones, moves the court to arrest
judgment herein against her in favor of Owen B. McDonough &
T. Elwood Townsend, and August Pothast & Fredrick Lange,
for the reason that the cross complaints of the said parties, respec-
tively, do not state facts sufficient to constitute a cause of action
against her.

This motion, like a joint demurrer, was an entirety, and
had to be wholly overruled or sustained.   Hence, if either one
of the counter-claims stated facts sufficient, the motion was
properly overruled.

The counter claim of Pothast & Lange, filed Jan. 27, 1876,
alleged among other things, that on Oct. 7, 1872, the said Sarah
E. Jones, who was then, and ever since has been, the wife of
Robert A. Jones, purchased lot number 49, etc., describing it,
that on the — day of ——, 1875, said Sarah E. Jones, being the
owner in her own right of said lot No. 49, before described, em-
ployed Solomon Stern and William P. Stern to erect and con-
struct thereon for her a dwelling house; that afterwards to-wit:
on the — day of ——, 1875, Andrew J. Fiscus became the sub-
contractor under said Sterns, to build and errect brick founda-
tions, flues, chimneys, cellar walls, cellar and cellar ways; that
in pursuance of said contract and in order to carry it into effect,
Fiscus purchased of Lange & Pothast, ———— thousand bricks
at $—— per thousand; that the bricks were necessary to enable
Fiscus to perform his part of the contract, and were furnished

to be used in the erection and construction of said brick walls, chimneys, flues, foundations, etc., and were so used.

That on the 18th day of August, 1875, that being within sixty days after the completion of said house, and also within sixty days after said materials were furnished, (said bill amounting to $91.18 being wholly unpaid), they caused their notice of lien to be filed and recorded in the recorder's office, etc.

A copy of the notice is made a part of the pleading. That the said sum of $19.18 has long been due and is wholly unpaid. Wherefore, etc.

This paragraph of counter claim seems to us to have been amply good on motion in arrest, and perhaps on demurrer.

We have, therefore, not thought it necessary to consider the sufficiency of the counter claim filed by McDonough & Townsend.

The motion in arrest was properly overruled.

There is no error in the record.

The judgment below is affirmed with costs.