No. 9321.

## SINCLAIR v. JOHNSON.

BILL OF EXCHANGE.—*Common Order.*—*Liability of Drawer.*—*Notice.*—An order by A. upon B. to pay money to C., without words of negotiability, is not an inland bill of exchange, but is classed with bank checks; and the drawer is entitled, as the drawer of a bank check, to notice of the failure of the drawee to pay upon presentation.

From the Warren Circuit Court.

*M. M. Milford, H. Heffren* and *J. A. Zaring*, for appellant.
*J. M. Rabb*, for appellee.

WOODS, J.—Action against the appellee by the appellant, as assignee of the following order, to wit:

" JOHNSONVILLE, July 18th, 1876.

" J. B. Wright: Please pay to D. L. Wright the sum of $160, amount paid for mare to John Lucas.

       '(Signed) " GEORGE W. JOHNSON."

The complaint charges that the order was given in consideration of an indebtedness of the drawer to the payee, that

the drawee refused to accept, of which the drawer was notified. The defendant, the appellee, answered that he was never notified of the refusal of the drawee to accept the order, and that he had, when it was drawn and presented, funds in the hands of the drawee to meet and pay it. The plaintiff replied with a general denial, and, upon a trial had, the court found for the defendant.

Error is assigned upon the overruling of the appellant's motion for a new trial, and for a judgment in his favor notwithstanding the verdict.

An order book entry shows that the plaintiff filed a motion for judgment, but, as the motion itself is not in the record, it can not be determined whether it was such as to present the question discussed in the briefs.

The causes stated in the motion for a new trial are: 1. The finding is not sustained by sufficient evidence; 2. The finding is contrary to law; and, 3. "The court erred in overruling the plaintiff's objection to a question asked the defendant, Johnson, on his examination as a witness herein on the trial hereof, which appears elsewhere in the record."

The last specification is too indefinite to present any question. At the time when the motion was passed upon and overruled, there was in fact nothing in the record to show more definitely what was referred to. A bill of exceptions was afterwards filed, which shows an exception to the admission of certain testimony by the witness named, but it is impossible to say that the motion for a new trial and the bill of exceptions referred, and were understood by the court to refer, to the same thing.

The order sued on has no words of negotiability, and can not be regarded as an inland bill of exchange, as counsel for the appellee claims it to be. The rights and liabilities of the parties are, therefore, not to be determined by the rules applicable to that class of instruments. Such orders seem to be classed with bank checks, and the liability of the drawer to be governed by the rules which are applied to the drawers of

checks. Regular protest and notice, in the strict manner required in reference to bills of exchange, was not necessary, but, under the issue made in this case, it was necessary for the plaintiff to show the alleged presentment and the failure of the drawee to pay, and that he notified the defendant thereof. *Spangler* v. *McDaniel*, 3 Ind. 275; *Gallagher* v. *Raleigh*, 7 Ind. 1; *Blankenship* v. *Rogers*, 10 Ind. 333; *Griffin* v. *Kemp*, 46 Ind. 172; *Henshaw* v. *Root*, 60 Ind. 220; 2 Daniel Neg. Instr. (3d ed.), sections 1587-8.

The answer explicitly denies the notice alleged in the complaint, and the defendant testified as explicitly that he had never received notice of the failure or refusal of the drawee to pay, and that the drawee, at the date of the order, owed him the amount of it. Notwithstanding, therefore, the testimony of the appellant, that, within a day or two after the presentation of the order, he wrote and mailed a letter (of which the contents were not stated) to the appellee, we can not say that the finding was not right, on the ground that the evidence failed to show the requisite notice.

Judgment affirmed.

Opinion filed at the May term, 1882.
Petition for a rehearing overruled at the November term, 1882.