CHARLES T. FREY *vs.* THE RHODE ISLAND CO.

JULY 10, 1914.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

(1) *Vacation of Superior Court. Computation of Time.*

Gen. Laws, 1909, cap. 275, § 3, provides "there shall be a vacation of the Superior Court from the second Monday in July to the third Monday in

September in each year" and Section 11 provides "in vacation the Superior Court shall not hear jury trials (except in special statutory cases), petitions for divorce or motions to default recognizances."

Cap. 32, §§ 1 and 12, provide that unless such construction is inconsistent with the manifest intent of the general assembly or is repugnant to some other part of the same statute "whenever time is to be reckoned from any day, date or act done, or the time of any act done, such day, date or the day when such act is done shall not be included in such computation."

*Held,* that the vacation of the Superior Court begins on the day after the second Monday in July in each year.

*(2)   Negligence.   Electric Roads.   Crossing Tracks.*

Plaintiff was operating an automobile proceeding easterly down a steep grade into a road running at right angles, on which an electric railway track was located.   Plaintiff was struck as he was crossing the track.   The view to the north was obstructed for about 21 feet west of the track and plaintiff's view was further obstructed on either side by the top and side curtains of the automobile.   Plaintiff testified that he looked up the track to the north at the last point he was able to do so and saw no car and did not look again until the front wheels of his car were on the track.

There was evidence tending to show the negligence of the motorman in not stopping the car as well as evidence that he acted with reasonable care.

*Held,* after verdict for plaintiff that a finding that his failure to look along the track immediately before driving upon it did not contribute to the accident could not be sustained and a new trial should be awarded.

*(3)   New Trial.   Approval by Trial Judge of Verdict.*

It is not enough that a verdict for a plaintiff is not against the fair preponderance of the evidence, but it must be supported by a fair preponderance of the evidence, so, where a verdict has been sustained by the trial court as not against the fair preponderance of the evidence, and such verdict in the opinion of the appellate court both on the questions of due care on the part of the plaintiff and of defendant's liability was against the preponderance of the evidence, the approval of the trial judge cannot be given the weight accorded it under Wilcox *v.* R. I. Co., 29 R. I. 292.

VINCENT, J., dissenting.

TRESPASS ON THE CASE for negligence.   Heard on exceptions of both parties.   Defendant's exception to decision on motion for new trial sustained.

SWEETLAND, J.   This is an action of trespass on the case to recover damage for injuries to the plaintiff's person and to his automobile alleged to have been received through the negligence of the defendant.

The case was tried before a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiff for eight thousand dollars. The defendant duly filed its motion for a new trial. Said justice in his decision on the motion ordered that a new trial should be granted, on the ground that the damages awarded by the jury were excessive, unless within five days after said decision the plaintiff should remit all of said verdict in excess of six thousand dollars. The plaintiff did not file his remittitur. The plaintiff and the defendant each filed an exception to said decision. The case is before us upon the plaintiff's exception to the decision of said justice granting a new trial, and upon the defendant's exceptions to certain rulings of said justice made during the progress of the trial and to the decision of said justice on said motion for a new trial.

Said trial was commenced during a session of the Superior Court, holden at East Greenwich, within and for the county of Kent, on the 8th day of July, 1913, and continued through the 8th, 9th, 10th, 11th, 12th and 14th days of July, 1913. In the year 1913 the 14th day of July was the second Monday of July in that year. On said 14th day of July, 1913, the counsel made their arguments to the jury, the justice delivered his charge and the jury thereupon considered the case and rendered their verdict. On said day the defendant moved that the case be taken from the jury and passed on the ground that the justice and the jury could not legally sit in the trial of said case on that day, because it is provided by statute that there shall be a vacation of the Superior Court from the second Monday in July to the third Monday in September in each year. The justice denied said motion and the defendant duly excepted to said ruling. This exception is now before us. Chapter 275, § 3, Gen. Laws, 1909, provides as (1) follows: "There shall be a vacation of the Superior Court from the second Monday in July to the third Monday in September in each year;" and Section 11 of the same chapter provides as follows: "In vacation the Superior Court shall not hear jury trials (except in special statutory cases),

petitions for divorce, or motions to default recognizances."
Although it might be desirable that the Superior Court should
have authority to complete in the early days of vacation a
jury trial commenced during a session and not finished before
the close of the session, thus preventing a loss to the State
and to the parties, yet in view of the prohibitive language
of the statute we are of the opinion that said court does not
have such power.   The question involved in this exception
is whether the second Monday of July in each year is or is
not a part of the vacation of the Superior Court; whether
the word "from" in said Section 3 shall be interpreted as
a word exclusive or inclusive of said second Monday of July.

It is the well settled rule that when a period of time
is to be reckoned from a certain day, unless there is something
in the context or the circumstances to indicate a different
intention, the day from which the time is to be reckoned shall
be excluded from the computation and from the period.   In
*Ordway* v. *Remington,* 12 R. I. 319, this court construed a
lease which demised the tenement let "from the first day
of September now next ensuing for and during the full end
and term of one year and nine months thence next ensuing;"
and held that "if the demise is from a given day and there is
nothing else to indicate the intention, then, unless there is
some particular reason for holding otherwise, according to
the weight of authority, we think the given day must be
excluded."   In *Millard* v. *Willard,* 3 R. I. 42, the court
treated this subject without reference to the statute dealing
with construction, which we shall consider later, and said:
"In all cases when a point of time or the doing of an act is
referred to merely as a terminus from which to measure time,
the day of the date or of the act should be excluded."   We
have moreover in this State the following rule for the
reckoning of time from any day when such provision occurs
in a statute.   Sections 1 and 12, Chapter 32, Gen. Laws, 1909,
provide that unless such construction is inconsistent with the
manifest intent of the General Assembly, or is repugnant to
some other part of the same statute, "whenever time is to be

reckoned from any day, date, or act done, or the time of any act done, such day, date, or the day when such act is done, shall not be included in such computation." This is conclusive of the question before us, for such an interpretation of the word "from," in the section establishing a vacation in the Superior Court is not inconsistent with the manifest intent of the General Assembly nor is it repugnant to some other part of the statute. It is urged that such an interpretation will carry said vacation into the third Monday of September and interfere with the beginning of the sessions of the Superior Court on such date. There is no force in that contention. We have no rule for the interpretation of statutes which requires the day to which a period of time extends to be included in such period. The word "to," like the word "from," is generally a word of exclusion. In a sense both the second Monday of July and the third Monday of September are days from which the period of vacation is to be reckoned, and hence both are to be excluded. Furthermore, there is a specific provision of law contained in Chapter 275, § 2, Gen. Laws, 1909, that the Superior Court shall hold sessions in South Kingstown and Providence on the third Monday of September in each year, thus clearly placing that day within the period of the session of the court and not that of vacation.

It is urged that this interpretation is inconsistent with the settled practice of the Superior Court, which each year has not carried the business of its session into the second Monday of July. This interpretation does not require the Superior Court to hold jury trials on said second Monday of July. The justices of that court can so arrange the business of the court, just previous to the close of the sessions before vacation, that jury trials and other matters which may not be heard in vacation will surely not extend beyond the period of the sessions. If to accomplish that they have as a general rule taken up none of the regular business of the different sessions on the second Monday of July that is plainly a matter within their power and discretion. It is further

urged that this interpretation is inconsistent with the practice of this court with regard to its own sessions. Our attention is called to Chapter 275, § 1, Gen. Laws, 1909, which provides that "The supreme court shall be in session at Providence from the first Monday in October to the second Monday in July in each year," and it is argued that if the word "from" in the section concerning the vacation of the Superior Court shall be interpreted to exclude the second Monday of July from such vacation, a like interpretation should exclude the first Monday in October from our session. This contention disregards the further language of said Section 1, which also provides that this court shall be in session "at such other times as said court shall deem proper."

We have permitted motions to be made returnable before us on the first Monday of October and it has been the practice of the court to hear other matters which have been assigned to that day. The court has done this without formal determination as to whether said first day of October was or was not the first day of the session named in the statute. It is clearly in accordance with the authority given to us by law; and is not a practice inconsistent with the interpretation which we are now making.

The Superior Court is held by the various justices of that court in the several counties of the State at different times in each year, in accordance with the provisions of Section 2, Chapter 275, Gen. Laws, 1909, as follows: "The Superior Court shall hold its sessions every year at the times and places following, to wit:  At South Kingstown, within and for the county of Washington, on the third Monday of September, November, February and April; at Newport, within and for the county of Newport, on the first Monday of October, December, March and June; at East Greenwich, within and for the county of Kent, on the fourth Monday of October, January, March and June;  and at Providence, for the counties of Providence and Bristol, on the third Monday in September, and thence continuously to the second Monday in July of the following year:  *Provided,* that there shall be

no jury trials in Providence between the first Monday of July, inclusive, and the first Monday of October in each year, except by agreement of parties with the consent of the court."

It may be observed that with the exception of the session at Providence in each year there is no specific provision as to the time of termination of the various sessions of the court. Each session of necessity is closed on the day before the opening of a new session in the same county and also on the day before the beginning of vacation. It may be urged that the construction which we have placed upon the provision regarding vacation is repugnant to the provision contained in Section 2 which continues the session at Providence "to the second Monday in July," thus excluding the second Monday in July from the session; and that this indicates the intent of the General Assembly to make the second Monday of July a part of vacation. We do not find such repugnance. This provision relates solely to the session in the counties of Providence and Bristol and has no reference to the sessions in the other counties of the State. The sessions in each county open and close without reference to the sessions in any other county; but the provision for vacation is a general one; and in accordance with the rule for construction prescribed in Chapter 32, § 12, Gen. Laws, 1909, we are forced to hold that said vacation begins on the day after the second Monday in July in each year. There was no error in the ruling of said justice denying the defendant's motion to take the case from the jury on July 14th, 1913.

The defendant excepted to the ruling of said justice denying defendant's motion for the direction of a verdict in its favor. We do not find error in this ruling.

Both the plaintiff and the defendant excepted to the decision of the justice upon the defendant's motion for a new trial. We will consider these exceptions together. We agree with said justice that the amount of the verdict is excessive. After a consideration of all the testimony we think the amount of damage fixed by said justice is also much too large. We shall not order a remittitur, however, as in our

opinion there should be a new trial on the question of liability as well as of damages.

It appears in the transcript of the evidence that on September 2nd, 1912, the plaintiff was operating an automobile, owned by him, on Bay View Avenue, in the town of Warwick; that Bay View Avenue runs from the west on a steep down grade into the Old Post Road at right angles with said road; that the plaintiff proceeded easterly down said grade into the Old Post Road and when his automobile was crossing the electric street railway track of the defendant, which lies on the westerly side of the Old Post Road, his automobile was struck by an electric car of the defendant, which was proceeding in a southerly direction; and the plaintiff and his automobile were each injured; that to a person coming down Bay View Avenue towards the Old Post Road the view to the north onto said road is obstructed for about twenty-one feet west of said road by a bank along the northerly side of Bay View Avenue with a fence and a growth of bushes and shrubs on top of said bank; that said bank at the corner of the Old Post Road and Bay View Avenue is about three and one-half or four feet high; that on top of said bank along the westerly side of the Old Post Road is a stone wall which meets said picket fence at the corner; that from said corner to the westerly rail of the defendant's track is fifteen feet; that between said corner and the defendant's track is a large tree and a small one; that there was a top or hood over the defendant's automobile, which top was up and in place over the machine and the side curtains of said top were in position, thus obstructing the plaintiff's view on either side while he was sitting upright on the seat. The plaintiff testified that when he was coming down Bay View Avenue he looked along the defendant's track to the north at the last point from which he was able to do so, before his view was obstructed by said bank and bushes, and saw no car of the defendant approaching from the north; that he then proceeded down the grade, and did not again look along said track until the front wheels of his automobile

were on the track; that as the hind wheels of his automobile were just passing onto the first or west rail of the track he was struck by a car of the defendant proceeding from the north.

It was the duty of the plaintiff to look along the defendant's track immediately before driving upon it. He did not do so. A finding that his failure thus to look did not contribute to the accident, cannot be upheld in view of the other circumstances of the case. There is some testimony tending to support the contention that the defendant's motorman might have stopped his car and prevented the accident after it should have been plain to him, in the exercise of reasonable care, that the plaintiff was about to drive upon the track and place himself in a position of danger; and that the failure of the motorman to do so constituted negligence in the defendant. On the other hand, there is much testimony to the effect that after the actions of the plaintiff made it apparent that he was about to drive on the track regardless of the danger there was no opportunity for said motorman to stop his car and prevent the collision; and that in the circumstances of the case the motorman acted with reasonable care and due regard for the plaintiff's safety. We are not unmindful of the fact that, so far as it relates to the liability of the defendant, the justice presiding in the Superior Court has refused to disapprove of the jury's verdict. In view of the rule in *Wilcox* v. *R. I. Co.*, 29 R. I. 292, it is with hesitation that we disturb that finding. However, the approval which said justice gives of the verdict is not positively expressed, if properly it can be called an approval at all. The language of his rescript is "I cannot say that their verdict is against the fair preponderance of the evidence." For a plaintiff to recover his cause must be supported by a fair preponderance of the evidence. It is hardly enough that. it is not against the fair preponderance of the evidence. In view of the nature of this decision of the judge, and the strong opinion which we have, after an examination of the evidence, that the preponderance of the evidence both as to the defendant's liability and as to the due care of the plaintiff

is against the finding of the jury, we think the case in justice to the defendant should be submitted to the consideration of another jury.

The plaintiff's exception is overruled. The defendant's exception to the decision upon the motion for a new trial is sustained. The other exceptions of the defendant are overruled. The case is remitted to the Superior Court for a new trial.

VINCENT, J., dissenting. I am obliged to dissent from that portion of the majority opinion which sustains the action of the Superior Court in continuing and completing the trial of a jury case on the second Monday in July. Our statute provides (Gen. Laws, 1909, Chap. 275, § 3) that "There shall be a vacation of the Superior Court from the second Monday in July to the third Monday in September in each year."

The question is, is the second Monday in July to be included in the vacation or is it a part of the period within which the Superior Court may try jury cases? This leads to the consideration of the meaning of the words "from the second Monday." In many well considered opinions the word "from" is construed to include the first named day.

In *Swift* v. *Tousey*, 5 Ind. 196, the court held that where a computation of time is to be made from any particular act or time, the word "from" means that the day on which the act is done or the day of the date, is to be included.

In *Evans* v. *Sanders*, 8 Port. (Ala.) 497, it was held that a note for a certain sum, with interest "from 1835" means from the beginning of the year 1835 and not from or after its expiration.

Numerous other authorities to the same effect could be cited if necessary.

The majority opinion seems to be based on Section 12, of Chapter 32 of our statute and upon the case of *Ordway Brothers & Co.* v. *Remington & Perkins*, 12 R. I. 319.

The section of the statute referred to is as follows: "Section 12. Whenever time is to be reckoned from any day,

date, or act done, or the time of any act done, such day, date, or the day when such act is done, shall not be included in such computation."

In my view of the case this statute has nothing to do with the question as to whether the second Monday in July is or is not a part of the court vacation and was not designed or intended to apply thereto. In Section 3 of Chapter 275, before referred to, the beginning and end of the vacation of the Superior Court is definitely fixed. To ascertain when such vacation begins, or when it ends, no reckoning or computation is required, necessary or even useful.· This statute undoubtedly was intended to provide a method for ascertaining when a certain number of days would expire as, for instance, where a party is allowed by the court a period, expressed in days, for the performance of some act. A computation would then be necessary to ascertain the termination of the period and in such computation it is provided by Section 12 of Chapter 32 that the first day shall be excluded.

In the case of *Ordway Brothers & Co.* v. *Remington & Perkins, supra,* the court considered the language used in a lease with a view to determining the day when it began to run. The words of the lease were "from the first day of September now next ensuing" and the court in considering this language said, referring to the first day of September, that "the day is to be included or excluded according to the· apparent intention of the parties to the lease; but if the demise is 'from' a given day and there is nothing else to indicate the intention then unless there is some particular reason for holding otherwise, according to the weight of authority, we think the given day must be excluded."

This case does not seem to me to support the position taken in the majority opinion. The substance of the opinion is that the given day should be excluded only when there is no apparent intention of the parties otherwise and there is no particular reason for holding the other way.

In none of our statutes fixing the sessions of our court is there any provision effecting the division of a week, but

on the contrary it is evident from such provisions that it was the intention of the General Assembly that courts in this state should begin and end their sessions with the week. With this plain intent of the General Assembly it seems to me clear that the second Monday in July should be included in the vacation.   Further than that, the fact that our courts have for a period of more than nine years recognized the second Monday in July as a part of the vacation of the Superior Court would be, in the language of the Ordway case, a "particular reason" for holding that the given day should not be excluded.

In the other portions of the majority opinion I concur.