## GLENN and Another *v*. NOBLE and Others.

Assumpsit by the payee against the drawer of a bank check payable 15 days
after date, the bank having refused payment: the declaration averred a
presentment of the check for payment after it had become due, according to
the custom of merchants; but did not state the day of presentment: *Held*,
that the averment was insufficient on general demurrer.
If a declaration be adjudged bad on demurrer, and the judgment be affirmed;
the Court below will not be directed to permit the joinder in demurrer to be
withdrawn, and the declaration amended.

*Thursday,*   ERROR to the *Franklin* Circuit Court.—Assumpsit by the
*November 16.* payees against the drawers of a bank check. General demur-
rer to the declaration, and judgment for the defendants.

BLACKFORD, J.—The defendants, being indebted to the plain-
tiffs, gave them a check for the amount on the cashier of the
*Brookville* branch bank, payable fifteen days after date. There
appears to have been no presentment for acceptance; but, af-
ter the check had become due, payment was demanded and re-
fused, and notice given to the defendants. The declaration
contains but one count, and that is a special one founded on the
check. There is no averment of a demand at the bank on any
particular day; but it is alleged to have been made after the
check became due, according to the custom of merchants. The
defendants demurred to the declaration, and had judgment in
the Court below.

The only question in the cause is, whether the demand of
payment for the check is properly averred in the declaration.
This check must be viewed as an inland bill of exchange. It
has every feature of such a bill; and the rules of decision appli-
cable to the one, must govern the other. 3 Johns. Cas. 8.—

7 T. R. 426. Had the defendants given their promissory note, it would have been an unconditional promise to pay agreeably to its tenor; but in giving this bank check, they only agree to pay upon refusal by the bank when properly called on. Had the check been in the usual form, without specifying any time of payment, it would have been payable at the bank on demand during banking hours, and the plaintiffs would have been entitled to such a reasonable time to make the demand, as the particular circumstances of the case would justify. 3 Johns. Cas. 259. In such a case, there is no precise time fixed by the law when the demand should be made. But in the case now before the Court, the day on which the check was to be paid, was settled by the parties; and when the plaintiffs received it in payment of the balance due them on settlement, they obligated themselves to demand payment at the bank when the same became due. They chose to accept this kind of payment, and were bound to comply with the condition annexed to it, before they could make this check the foundation of a suit against the drawers. A demand on the day the check became due being necessary to be proved, it ought certainly to have been averred in the declaration. There is no such averment. This is a fatal defect in the declaration; and the demurrer was correctly sustained by the Circuit Court. Whether the giving of such a check can operate any further than as a mere conditional payment of the original debt, or how far any neglect by the holders in presenting the check for payment can affect a suit for the pre-existing demand, where the defendants sustain no loss by such neglect, are questions which were considerably discussed at the bar; but as they are not strictly connected with the cause before us, we have not thought proper now to determine them.

*Per Curiam.*—The judgment is affirmed, with costs.

NOTE.—It was moved, on behalf of the plaintiffs, that the Circuit Court should be directed to permit them to withdraw their joinder in demurrer, and amend their declaration; but the motion was overruled.

*Test*, for the plaintiffs.
*Caswell*, for the defendants.