## SHOMO *vs.* CALDWELL.

1. When the plaintiff in an action of detinue has color of title, and has had the peaceable possession of the chattel sued for, he can recover as against a mere wrong-doer who, by indirection or force, obtains and holds the present possession.

ERROR to the Circuit Court of Monroe.

Tried before the Hon. L. GIBBONS.

R. C. Caldwell brought an action of detinue against D. T. Shomo for the recovery of two slaves, named Edgar and Abram.

On the trial of the cause in the court below, the facts of the case were agreed on by the parties, and are these : On the 15th day of November, 1829, David Tate made a deed of gift to his sister, Rosanna Shomo, wife of Joseph Shomo, of certain slaves, including the two before named. This deed, by its terms, excludes the marital rights of the husband, and was duly recorded in the proper county. No trustee is named in the deed, but on the 7th of May, 1831, two trustees were appointed by the Circuit Court of Monroe county, on the application of Mrs. Shomo; but it does not appear that these persons ever accepted the trust, or in any manner took control of the slaves. In May, 1847, Joseph Shomo and his wife, having possession of the slaves, removed with them to the State of Florida. In 1849, Caldwell, having a full knowledge of all these facts, purchased the slaves, Edgar and Abram, from Joseph Shomo, and received from him a bill of sale for them, in which Rosanna Shomo joined. The consideration for the purchase passed to Joseph, and no portion of it inured to the benefit, or went to the use of Rosanna Shomo. The deed from Tate had also been recorded in Pensacola, Florida, where the slaves were; and Mrs. Shomo unwillingly united with her husband in making the bills of sale; both which facts were known to Caldwell before he accepted the bills of sale. Caldwell brought the slaves back to Alabama, when they ran away from him, and went into the possession of the plaintiff in error, of whom they were demanded by an agent

of Caldwell; but he refused to deliver them. It was also agreed that the boy Edgar was worth $800, and Abram $900; that the hire for each is $10 per month.

These are all the facts, and upon them the case was submitted to the judge in the court below, under an agreement, signed by the attorneys of each party, by which they consent that the court should render such judgment as in its opinion the law would pronounce upon the facts submitted.

The court rendered judgment for the plaintiff for the agreed value of the slaves, and damages for their detention.

JOHN A. CAMPBELL, for plaintiff in error.

R. C. TORREY, *contra*.

LIGON, J.—When the plaintiff in an action of detinue has color of title, and has had peaceable possession of the chattel sued for, he can recover as against a mere wrong-doer who, by indirection or force, obtains and holds the present possession.

Such is the case here; and without reference to the rights of Mrs. Shomo in equity, if she has any, we think Caldwell is placed, by his bill of sale, and his possession under it, in such a position with relation to the slaves in controversy, as to entitle him to recover of the defendant in the court below in this form of action.

There is no error in the record, and the judgment of the Circuit Court is consequently affirmed.