Bv the Court. Duer, J.
The action given by the Code for the delivery of personal property is substantially the former action of replevin, changed, indeed, in its name, and modified in its form, but in its principle and its object identical. The plaintiff asserts a legal title to the property of which he claims the delivery, and to entitle him to the judgment which he seeks, it is a legal title that by the proper evidence he must establish. *106 Hence the plaintiffs in this case were bound to prove upon the trial that they had an absolute or special property in the goods in question, and an immediate right to their possession. If they have failed in this necessary proof they were properly nonsuited, and the judgment for the agreed value of the goods founded upon the nonsuit must" be affirmed. This view of the nature of the action for the delivery of personal property was adopted by this court in the case of Robert v. Randall (3 Sandford Sup. C. R. 707), nor do the provisions of the Code, as it seems to us, admit of any different construction. The plaintiffs could not have obtained a delivery by the sheriff of the goods in question, but upon an affidavit, stating that they were the owners, or were lawfully entitled to the possession by virtue of a special property therein (Code, § 207, sub. 1), nor can we doubt that the facts which were thus necessary to be stated to sustain their claim to a delivery are exactly those which they were bound to prove upon the trial to entitle them to a judgment.
The remarks that have now been made, are not merely prefatory, but involve in truth our decision of this case. The facts in evidence upon the trial, not only clearly show that the plaintiffs were not the owners of the goods in controversy, but in our opinion are entirely insufficient to prove that they had any special property, by which they could lawfully demand the possession. The sole owners of the goods were Thompson & Co., whose title was not meant to be divested by the agreement between them and the plaintiffs, until actual sales were made to j-obbers or other persons, and the plaintiffs were their agents to effect such sales, acting under a del credere commission, and the notes, which they advanced to Thompson & Co., were a loan of their credit, not the consideration of a purchase. The principal witness for the plaintiffs expressly stated that if the goods were not sold by the plaintiffs as agents, they must have remained on the hands of Thompson & Co., and that they were not liable to Thompson & Co., except for such as they sold, and then only under their guaranty. Ho evidence was given on the trial that there had been an actual sale of the goods in question, before they were demanded from the defendants, and if the plaintiffs meant to rely upon a sale to a third person as *107 giving them a right to claim the delivery, it was upon them that the burden of proving the fact certainly .rested. The judge, upon the trial, had no right to presume its existence.
It was very faintly contende'd upon the argument that the plaintiffs were entitled as absolute owners to the possession of the goods described in their complaint; but it was strenuously insisted that they had acquired a lien to the extent of their advance which gave them a special property and a lawful right to demand the possession. It is, however, the settled law that to the creation or continuance of a lien which a court of common law can recognise or enforce, the actual possession of the property upon which it is held to attach, is indispensable (Godwin v. the London Assurance Co., 1 Black. 104; Kinlock v. Craig, 3 Term. R. 119, 783; Combie v. Davies, 7 East. 5; Rice v. Austin, 7 Mass. 197); and we apprehend that the books may be searched in vain for a case in which a lien conferring a legal title has been held to arise merely from' an advance upon goods that remained in the possession or under the- control of the original owner. Such a lien may, indeed, in some cases, be created and preserved by a mortgage in writing, but never by a mere implication of law. In the present case the original owners, Thompson & Co., retained the possession of the goods in question until they were passed to the defendants as their assignees; and that they should retain the possession until sales were made, and an order for a delivery to the purchasers given by the plaintiffs, seems to have been a part of the agreement between them and the plaintiffs.
It is this circumstance, the continued unbroken possession of the original owners, which distinguishes this case from those on which the learned counsel for the plaintiffs so strongly relied— Haille v. Smith, 1 Bos. and Pull. 563; Holbrook v. Wight, 24 Wend. 196; and Grosvenor v. Phillips, 2 Hill, 145.
In each of those cases there was a change of the possession by a delivery of the property by the original owner to a third person, as the agent or trustee for the plaintiff, and in each the ground of the decision was, that the possession of the agent or trustee was that of the plaintiff. By this possession the lien, which was relied on as giving a special property and legal title;, was perfected.
*108 On the other hand, the case of Nichols v. Crist, 3 Price, 527, which was not cited in the argument, is quite decisive in favor of the defendants. In that case, a del credere factor had accepted bills drawn upon him by the owner of the goods, upon the faith of their consignment to himself, and the goods were actually put on board a vessel for the purpose of being delivered to him; but, as it appeared that the control of the property was still retained by the owner, it was held that the factor had not acquired a lien divesting the title of the owner.
The complaint, in the case before us, avers that the defendants were in possession of certain goods and chattels of the plaintiffs, to the immediate possession of which the plaintiffs were entitled; and upon these averments issue is taken by the answer. We are clear in the opinion that the judge rightly decided that neither of them was sustained by the proof. Whether the plaintiffs had an equitable lien which, upon a complaint properly framed, we might have enforced, is a totally different question, which, in this action and on the pleadings as they stand, we have no right to decide or consider. It is sufficient to say that the judgment in this suit will be no bar to any equitable relief to which they may be entitled, if that relief shall be properly sought.
The objection that the defendants, having no property in themselves, were not entitled to a judgment for the value of the goods, is certainly groundless. They were not bound to show property in themselves until a jorimA facie .title had been established by the plaintiffs, and as, from the failure of this necessary proof, it resulted that the goods had been wrongfully taken from their possession, ,they were necessarily entitled to a judgment for their value. The judgment rendered is thus the only judgment that could have been given. '
It is therefore affirmed with costs.