HARBISON v. THE BANK OF THE STATE OF INDIANA.

BILL OF EXCHANGE.—PRESENTMENT.—PLEADING.—In a suit against the drawer of a bill of exchange, the complaint alleged that the bill was "duly presented for payment at the place where payable, and payment thereof refused."

*Held*, on demurrer, that the averment was insufficient, for not showing that the presentment was at the time of the maturity of the bill.

SAME.—INNOCENT HOLDER.—In a suit by an indorser upon a bill of exchange, which is shown to have been procured by fraud, it is incumbent upon the plaintiff to prove that he is a *bona fide* holder of the bill for value.

APPEAL from the *Crawford* Common Pleas.

RAY, J.—The appellee brought suit against the appellant, the drawer of a bill of exchange. A demurrer to the complaint was overruled. Issues were formed, and a trial resulted in a finding for the appellee. The alleged defect in the complaint is, that it does not aver the time of presentment. The only allegation in regard to the presentation for payment is in these words: "That said bill was duly presented for payment at the place where payable, and payment thereof refused." The form given in the code, in an action upon a note payable in bank, against the indorsers, is in these words: "Yet C. D. did not pay the note when it became due, upon presentation at the place where payable." This must be regarded as an averment of presentation of the paper when due, and we are not inclined to support any pleading less certain than that required by the code.

It is insisted by the appellee that the words "duly presented for payment at the place where payable," refer not only to the place but the time of demand; that if it was "duly presented," it must have been presented not only at the proper place, but at the proper time. This, it seems to us, would be but a conclusion of law, and not an averment of the fact from which such a conclusion should result. We have been referred to many cases as supporting the

sufficiency of the averment, but they are not in point, as they simply hold that an averment of presentation when due, at the place where payable, is sufficient, without an allegation of demand upon the maker or drawer in person. *Giles* v. *Boune*, 2 Chitty 300; *Ambrose* v. *Hopwood*, 2 Taun. 61; *De Bergareche* v. *Pillin*, 3 Bing. 476; *Bush* v. *Kinnear*, 6 Maul. & Sel. 210.

There are cases, indeed, where after verdict, upon a motion in arrest, such an averment as the one in this complaint has been sustained. *Huffam* v. *Ellis*, 3 Taun. 415; *Leffingwell* v. *White*, 1 John. Cases 99. But here the question comes up upon a demurrer, and the finding cannot supply the defect, and as the case must be reversed upon another ground, we do not examine the evidence to see if the proof renders the error harmless.

In *Glenn et al.* v. *Noble*, 1 Blackf. 104, in assumpsit by a payee against the drawer of a bank check, payable fifteen days after date, the bank having refused payment, the declaration averred a presentment of the check for payment after it had become due, according to the custom of merchants, but did not state the day of presentment. Held, that the averment was insufficient on general demurrer.

The language used in *Kohler* v. *Montgomery*, 17 Ind. 220, would imply that the averment that the paper "was duly presented for payment" was sufficient, but the question was on a motion in arrest, and the case was not decided upon that point. We think the allegation relates rather to the manner of the presentment than to the time, and that the demurrer should have been sustained to the complaint.

On the trial of the cause, the defendant requested the court to give the following instruction:

"If the jury believe, from the evidence in this case, that *W. G. Laughery*, the acceptor of the bill of exchange in the complaint in this case mentioned, obtained the signature of the defendant *James P. Harbison* thereto, as drawer thereof, fraudulently and without any consideration, then the plaintiff cannot recover in this action without showing

that it is the *bona fide* holder of said bill of exchange, and that the bank paid a valuable consideration therefor; and the mere production of the bill of exchange in court, and reading the same to the jury, and the possession thereof by the plaintiff, is not sufficient evidence that the bank paid a valuable consideration for the same; and without such evidence, the plaintiff ought not to recover in this suit, and the jury should find for the defendant."

The evidence introduced under the issues made, required that this instruction should have been given to the jury, if it correctly stated the law, and we do not think its correctness can be seriously questioned. Mr. CHITTY states the law as follows:

"In an action by the holder of a bill, when it is proved on the trial that the instrument has been lost, or fraudulently or feloniously obtained from the defendant, it is incumbent on the plaintiff to prove that he came to the possession of the instrument *bona fide*, and for a sufficient consideration." Chitty on Bills, p. 260.

Mr. EDWARDS, in his work on Notes and Bills, top p. 686, says: "So, if it be shown that the bill or note was obtained by fraud, or made under duress, or given without consideration, for a particular purpose, and dishonestly used for another, the burden of proof is on the plaintiff to show under what circumstances, and for what value, he became the holder." So, in the same work, p. 691, it is said: "Proof that the paper has been lost or stolen from the true owner, calls upon the plaintiff to prove his title as a *bona fide* holder. Proof that the paper was obtained or put in circulation fraudulently, calls for the same evidence, while it shows a defense to the instrument on the merits, unless the plaintiff shows himself to be a *bona fide* holder for value, thus shutting out the defense." In note 4, p. 410, the same author says, that "when a bill or note is shown to have originated in illegality or fraud, the presumption arises that a subsequent holder gave

no value for it; for the law supposes that the original party, not being able to sue upon the instrument himself, has handed it over to another to sue upon it for his benefit. This presumption must be rebutted by the holder showing affirmatively that he gave value." See also 1 Parsons on Notes and Bills, pp. 188, 189.

The case of *Bailey* v. *Bidwell,* 13 M. & W. 73, is directly in point, and fully sustains the view of the law insisted upon by the appellant. To the same effect are the cases of *Holme* v. *Karsper,* 5 Binney 469; *Vallett* v. *Parker,* 6 Wend. 615; *Munroe* v. *Cooper,* 5 Pick. 412. The instruction should have been given.

The judgment is reversed, with costs, and the court below is directed to grant a new trial and to sustain the demurrer to the complaint.

*L. Q.* and *C. A. DeBruler* and *G. T. B. Carr,* for appellant.

*N. F. Malotte* and *T. R. Coble,* for appellee.