Baldwin *et al. v.* Bricker.

| 86 | 221 |
| 165 | 88 |
| 165 | 232 |
| 165 | 235 |

No. 9277.

## BALDWIN ET AL. *v.* BRICKER.

PROMISSORY NOTE.—*Defence by One who Negligently Signs.*—One who is guilty of negligence in the execution of a promissory note can not defend against it in the hands of a *bona fide* holder who obtains it for value, before maturity and without notice.

SAME.— *What Constitutes Negligence.*—It is in general true that a man who does not read, or cause to be read to him, an instrument which he signs, is guilty of negligence; but there may be peculiar cases where such a failure is not negligence, and where the signer may rely on the representations of the person with whom he deals.

PRACTICE.—*Instructions.*—Unless the instructions given by the court are all in the record, no question will be presented on the refusal to give instructions asked by the parties.

SAME.—*Argument of Counsel.*—It is the duty of counsel to take the facts from the evidence, and not to place facts not proved by or inferable from the evidence before the jury.

SAME.—*Reading of Extracts from Books.—Illustration.*—It is not proper for counsel to read extracts from books or newspapers; but, for the sole purpose of illustrating an argument, a printed slip of paper may, in some cases, be used. In the absence of a contrary showing, the presumptions are in favor of the conduct of the trial court.

From the Putnam Circuit Court.

*W. M. Ridpath, S. W. Curtis* and *E. S. Holliday,* for appellants.

ELLIOTT, J.—The instructions given by the court below are not in the record, and in their absence we can not say that there was any error in refusing or modifying those asked by the appellants.     *Puett* v. *Beard, ante,* p. 104.

The evidence shows that the appellee executed the note in suit, and that it came to the hands of the appellants at such a time and in such a manner as to constitute them *bona fide* holders, and to entitle them to full protection as such.     It also shows that the appellee could not read, and that the payees of the note induced him by fraudulent representations to believe that he was signing an order for medicines, and not a promissory note.

The rule is firmly settled by our cases, as well as by the great weight of authority elsewhere, that one who negligently signs a promissory note negotiable by the law merchant, can not defend against it in the hands of a *bona fide* holder, although it was obtained from him by fraud and without yielding him the slightest consideration.     But where there is no negligence, and a person signs a note in the belief, induced by fraudulent practices, that it is an instrument of an altogether different character, it is invalid, even in the hands of a *bona fide* holder.     A man who can not read must necessarily repose confidence in those with whom he deals, and, if they falsely read an instrument to him, he is not to be deemed negligent simply from the fact that he trusts them and signs the paper upon the faith of the information thus furnished him.     It may be that an illiterate man who is unable to read will, in some cases, be guilty of negligence in not having the paper read to him by one whom he knows to be disinterested; but whether he is so or not must generally be a question for the jury. Mr. Daniel, in speaking of this class of cases, says: "But in all such cases the question of negligence is difficult of legal solution, and no absolute invariable rule can well be laid

Baldwin *et al.* *v.* Bricker.

down. If the paper be ostensibly read to one who can not himself read, it is still to him a matter that must rest on faith ; and if he takes due precaution to ascertain its true character, it would be a great hardship to inflict responsibility upon him which he did not intend to assume. And what is due precaution must be determined by the peculiar circumstances of each case." 1 Dan. Neg. Inst., sec. 849. This is substantially the doctrine of our case of *Webb* v. *Corbin,* 78 Ind. 403. We can not say that the jury, under the very peculiar circumstances developed by the evidence, erred in the case before us in deciding that the appellee was not negligent.

Complaint is made of the conduct of counsel in the argument of the cause to the jury. The bill of exceptions shows that the appellee's counsel read as part of his argument, and for the purpose of illustrating it, a slip cut from a newspaper containing the form of a promissory note calling for $10, and then, by folding it in a peculiar manner, showed that it assumed the form of a note for $279; and the bill also shows that the counsel commented upon the note read from the slip, but what his comments were is not stated.

It is unquestionably true that counsel, in their argument, must take the facts from the record, and have no right to place before the jury any other facts than such as the evidence directly or by fair inference tends to establish. The argument can not assume the form of testimony. This rule forbids reading to the jury from books or newspapers any statements of facts, and also prohibits the introduction of any extracts from such sources, as evidence. The rule that matters gathered from books or newspapers can not be used as testimony does not, however, prohibit counsel from using quotations as mere illustrations. It is said in a recent article upon the argument of counsel that, "Albeit, he is confined to the record for his facts, history, prophecy, literature, and the sciences are open to him for example or illustration." 3 Crim. Law Mag. 619, 632 ; 14 Cent. Law J. 406. If, in the case before us, the counsel had written the paper which he used for the purpose of illustra-

tion, it would scarcely be contended that it was improper for him to make use of it for the purpose of illustrating the manner in which a man not used to business might be imposed upon and induced to believe he was signing one instrument, when in fact he was actually signing one of an altogether different character.

It is not proper, however, to permit counsel to read newspaper comments upon the case on trial, nor upon facts connected with it, nor upon like matters. In short, extracts can only be used for the mere purposes of illustration, and never as statements of facts, or as the expressions of opinion, nor can they be used under color of illustration when they contain statements of facts or expressions of opinion concerning the particular case in hearing, or cases of like character. Thompson & M. Juries, sec. 351, authorities in note; *Insurance Co.* v. *Cheever*, 36 Ohio St. 201 (38 Am. R. 573).

The record does not inform us what comments were made by counsel upon the slip used by him, and we must presume that they were such as it was proper for him to make. Presumptions are always in favor of the conduct of the trial court, and, in the absence of a showing to the contrary, it must be presumed that comments made by counsel upon a thing used by him by way of illustration were legitimate and proper.

Judgment affirmed.