Mitchell v. Tomlinson.

Filed Oct. 30, 1883.

---

No. 10,098.

## MITCHELL v. TOMLINSON.

PROMISSORY NOTE.—*Endorser and Endorsee.*—*Law Merchant.*—*Fraud.*—*Negligence.*—*Answer.*—*Consideration.*—To a suit by the endorsee, against the maker, of a note payable at a bank in this State, an answer showing by proper averments that the note was without consideration, and the execution thereof obtained by fraud while the defendant was so under the influence of medicines administered by the person who received the note that he was incapable of comprehending the nature of the transaction, is good on demurrer. So, also, an answer that the note was without consideration and was obtained by fraud, properly alleged, and that the plaintiff and prior endorsees had notice thereof before taking the note.

Mitchell v. Tomlinson.

SAME.—*Note Procured by Fraud.*—*Bona Fide Purchaser.*—Where a promissory note governed by the law merchant is procured by fraud, and without consideration, of one who without negligence signs it under the belief that he is executing a contract of agency, the maker is not liable even to a purchaser in good faith.

SAME.—*Burden of Proof.*— Where, in a suit by the endorsee against the maker of a note payable at a bank in this State, the defendant shows that the note was procured by fraud, the burden is on the plaintiff to show that he is a *bona fide* holder, for value, by endorsement before maturity, in the regular course of business.

SAME.—*Party.*— *Witness.*—*Cross-Examination.*—Where a plaintiff submits himself as a witness to prove that he took innocently commercial paper shown to have been procured by fraud and without consideration, considerable latitude should be allowed in his cross-examination.

SUPREME COURT.—*Instructions.*— *Verdict.*—Where all the instructions given to the jury do not appear, there can be no reversal merely because it appears that the court instructed the jury to consider all the facts and render such a verdict as they should deem just and right.

From the Henry Circuit Court.

*T. B. Redding*, for appellant.

*J. H. Mellett* and *E. H. Bundy*, for appellee.

HAMMOND, J.—Complaint by appellant against appellee upon a promissory note for $250, executed by the appellee July 30th, 1880, payable four months after date to his own order, at the First National Bank of Indianapolis, Indiana, with attorney fees, and waiving benefits of appraisement laws. The complaint alleges that the note was endorsed by the appellee to B. D. Pritchard, and endorsed by Pritchard to the appellant before its maturity. Copies of the note and endorsements were filed with the complaint.

The appellee answered in two paragraphs, to each of which a demurrer, alleging want of facts, etc., was overruled. The appellant replied by the general denial, and by a special paragraph, alleging that the note was endorsed and transferred to the appellant before its maturity for a valuable consideration, without any knowledge or information upon his part of any defence thereto. There was a trial by jury, resulting in a verdict for the appellee, and over the appellant's motion for a new trial, judgment was rendered on the verdict. Ques-

tions, as to the correctness of the rulings on the demurrer to each paragraph of the answer, and on the motion for a new trial, are properly presented by the record.

It is alleged, substantially, in each paragraph of the answer, that the appellee, at the time of the execution of the note, was seventy years of age, and had been an invalid for thirty years; that he could not read writing, or ordinary print, without the use of glasses, and then with great difficulty; that the day preceding the date of the note, two strangers came to appellee's house, on his farm in the country, one of whom gave his name as G. P. Porter, representing that he was an agent of the Western Medical Works, of Indianapolis, Indiana, and asked and obtained permission of appellee to remain over night with him; that on the following morning an arrangement was made by which Porter appointed the appellee as agent of said Western Medical Works, and procured him to sign, in duplicate, what was read to him by Porter, as a contract of such agency, and which was signed by the appellee under the belief that he was signing such contract; that if his signature is attached to the note and endorsement in suit, it was procured as aforesaid; that no note was spoken of, and that he had no intention of signing a note, and that the note sued upon is without any consideration. The second paragraph of the answer contains the averment which is omitted in the first, that Pritchard, when he received the note, and the appellant, when the note was endorsed to him, each had notice of the fraud in its procurement. The first paragraph of the answer contains averments which are not in the second, to the effect that, during the evening after the strangers came to appellee's house, " Porter observing the great suffering which he (the appellee) was then enduring, administered to him a kind of potion or medicine * * * which benumbed his sensibilities and caused him to sleep until late next morning;" that upon arising from his bed the next morning, he " was affected with strange and unusual feelings and sensations, giddiness in the head

and loss of the usual faculties of his mind; that he complained of his unusual feelings, whereupon Porter induced him to take other medicines, which he then administered to him, by which his usual faculties of mind were greatly impaired, to an extent that what was subsequently done seems but an impression upon his mind, of which he has no recollection;" that it was while he was in this condition, and without knowing or comprehending what he was doing, by reason of said condition, that the note and endorsement sued upon were signed, under the belief that he was signing a contract of agency.

The second paragraph of the answer is certainly good, as it avers that both Pritchard and the appellant, at the time of the respective endorsements to them, had notice of the fraudulent means whereby the execution of the note had been procured.

We think, also, that the first paragraph of the answer was sufficient. Even though it fails to aver facts showing that when the note was executed, the appellee's mental condition wholly incapacitated him from making any binding contract, it does show, in connection with other facts, that his mental condition was such as to relieve him from the charge of negligence in executing the note. *Webb* v. *Corbin*, 78 Ind. 403; *Baldwin* v. *Bricker*, 86 Ind. 221. We think, under the facts stated in the first paragraph of the appellee's answer, that he acted with the degree of care required by the law, namely, with the prudence of ordinary men similarly situated.

The court did not err in overruling the appellant's demurrer to either paragraph of the answer.

We will now consider the appellant's motion for a new trial. The first and second causes assigned for a new trial relate to the ruling of the court in refusing to suppress certain questions and the answers thereto in the cross-examination of the appellant in his deposition. The deposition had been taken at the instance of the appellant, but was introduced in evidence by the appellee. The questions and answers objected to tended to prove that at the time the note was endorsed to him, the appellant had notice of its fraudulent procurement.

Although some of the questions and answers were not entirely pertinent, we think there was no substantial error in refusing to strike them out.   Where the holder, by endorsement, of commercial paper, which is shown to have been procured by fraud and without consideration, introduces himself as a witness to prove that he is an innocent party in the transaction, considerable latitude is allowable in his cross-examination.

Causes from three to ten, inclusive, in the appellant's motion for a new trial, are not discussed by his counsel, and are therefore regarded as waived.

The eleventh cause for a new trial was that the court erred in giving to the jury instructions from one to six, inclusive. No objection, however, is urged, in the appellant's brief, to any of these charges, except the fourth and fifth.   The court, in its fourth charge, advised the jury of the issues made by the first and second paragraphs of the appellee's answer, stating that the facts set up in both paragraphs were substantially alike, and informed the jury, in substance, that if they found from the evidence, that the note was procured by fraud as alleged in the answers, that the appellee was not asked to sign a note and did not intend to sign a note, and that, if the jury found from the evidence that the appellee was not guilty of any negligence in signing the note, then he would no more be bound by the note than if it were a total forgery; and that, in such case, it would make no difference whether the appellant procured the note in good faith or in bad faith. In the previous charge the court had informed the jury that if the appellee was guilty of negligence in ascertaining the character of the instrument, or in placing his name to it, and the note came into the hands of the appellant in good faith and for a valuable consideration, without notice of any previous fraud, then the appellant would be entitled to recover.

Taking these instructions together, we think that they fairly expressed the law.

The fifth instruction given by the court, and to which objection is made by the appellant, was as follows:

"5. You will look over and carefully consider all the facts of the case, and render such a verdict as you deem just and right in this case."

The record does not purport to contain all the instructions, and this being the case we must presume that the court properly charged the jury as to the burden of proof and the weight of evidence, and informed them that they must take the law as given by the court. For all that appears in the record before us, the court may have informed the jury that a verdict to be "deemed just and right" must be in conformity with law and the preponderance of evidence. We are, to presume in favor of the correctness of the rulings and charges of the trial court, unless the error affirmatively appears from the record.

The twelfth cause for a new trial was that the court erred in refusing to give each of the five instructions tendered by the appellant. We have examined these instructions and think there was no error in refusing them, for the reason, if for no other, that each of them assumed that, in case the note sued on was found to have been procured by fraud, the burden was upon the appellee to prove that the appellant was not an innocent holder of the note. This is not the law. In an action by an endorsee of a note payable in a bank in this State, and proved by the maker to have been obtained by fraud, the burden of proof is upon the plaintiff to show that he is a *bona fide* holder by endorsement, for value, before its maturity and in the regular course of his business. *Harbison* v. *Bank of the State of Indiana*, 28 Ind. 133; *Zook* v. *Simonson*, 72 Ind. 83; *Baldwin* v. *Fagan*, 83 Ind. 447.

The remaining causes for a new trial, the thirteenth and fourteenth, were on account of the verdict not being sustained by sufficient evidence, and being contrary to law.

While there was some conflict in the evidence, we think it fairly sustains the verdict, and that it was not contrary to law.

Judgment affirmed, at the appellant's costs.

Filed Oct. 31, 1883.