Filed March 31, 1891.

---

No. 29.

## MILLER v. LIVELY.

REPLEVIN.—*Strength of His Own Title.—Illegal Impounding Proceedings.*—In an action to recover the possession of cattle the plaintiff must recover upon the strength of his own title; and it is immaterial that the defendant claims possession by an illegal proceeding to impound them, until the plaintiff shows that he has a valid title thereto.

SPECIAL FINDING.—*Request for, when to Make.*—A request for a special finding must be made at the commencement of the trial, or the right thereto is waived; but the court may in its discretion make it at any time before announcing a general finding, if a request for such special finding is made by either party.

From the Fountain Circuit Court.

*D. W. Simms* and *C. M. McCabe*, for appellant.

*H. H. Dochterman*, for appellee.

Miller *v.* Lively.

NEW, J.—This was an action by the appellant against the appellee to recover the possession of certain cattle.

The complaint is of the form used in such cases where the action is instituted in the circuit court. Issues were joined by answer in general denial. The cause was tried by the court, without the intervention of a jury, and there was a finding and judgment for the appellee.

The appellant moved for a new trial, which motion was overruled, and exceptions taken.

The assignment of errors by the appellant calls in question the action of the court in overruling the motion for a new trial.

The reasons assigned for a new trial are:

*First.* That the finding of the court is contrary to law.

*Second.* That the finding of the court is not sustained by sufficient evidence.

*Third.* That the court erred in refusing to make a special finding.

*Fourth.* That the court erred in refusing to permit the plaintiff to testify that she was not aware that any person opened the cattle-pound and let her cattle out, and that if the same was done it was without her knowledge or consent.

*Fifth.* That the court erred in refusing to permit plaintiff to prove, by the witness Lewis Miller, that he did not open the cattle-pound, or in any manner aid in or connive at letting plaintiff's cattle out of the pound.

It is an elementary doctrine in actions for the recovery of personal property, that the plaintiff must recover upon the strength of his own title. Under the issues in this case the title of the appellant to the cattle, and her right to their possession at the time the action was commenced, are denied, and therefore the burden is on her to prove such title and right of possession.

It follows, therefore, that the question whether the appellee, as supervisor, complied with the statute in the taking up and impounding of the cattle in controversy is unimpor-

tant unless it be first shown by the appellant that she was the owner of the cattle when so taken up.

We have examined the evidence with care, as set out in the bill of exceptions, and, in our opinion, it tends to support the finding of the court below.

The appellant and her husband testified that the cattle came from cows given to her by her father, and that they were her property when taken up. By the appellee it was contended that they did not belong to the appellant, but were the property of her husband. For the purpose of proving this to be true evidence was introduced showing that prior to the bringing of this action the appellant had given in these cattle to the assessor as the property of her husband, who at that time was absent from home ; had signed her husband's name to the assessment-sheet, and made oath to the same. It was also proved that the supervisor, after he had taken up the cattle, went to the residence of the appellant's husband, and there, in the presence of the appellant, read to the husband a notice of the taking up of said cattle as the property of the husband, and that the appellant, who was present, and heard the reading of said notice, made no claim to the cattle.

While we do not think, taking the evidence all together, that it was made clearly to appear that the appellant was not the owner of the cattle, still it does tend to sustain the finding of the court ; and, therefore, under the well-settled practice, we are precluded from disturbing the finding on the weight of evidence. The finding was not contrary to law.

The court did not err in refusing to hear the testimony referred to in the motion for a new trial. There was no evidence tending to inculpate the appellant as to the cattle being taken out of the pound, where they had been placed by the appellee, as supervisor. If the appellant's husband threatened to turn the cattle out of the pound, no evidence was introduced tending to show that she had any knowledge of the threat. We are not willing to assume that the court

Miller *v.* Lively.

was influenced by any threat of that kind which may have been made by the husband. He denies making the threat, and he also denies, as does also the appellant, having any knowledge whatever of how the cattle got out of the pound.

The court did not err in refusing to make a special finding.

It is stated in the bill of exceptions that "after the court had begun the statement of its finding, but before the court had proceeded to make any final announcement of its finding in said cause," the appellant requested the court to make a special finding.

The request came too late. In *Hartlep* v. *Cole*, 120 Ind. 247, the court says: "We are of the opinion that if the request for a special finding is not made at the commencement of the trial, the right thereto is waived, and thereafter it becomes a question within the sound discretion of the court whether it will make a special finding or not."

The construction thus put on the section of the code which makes it the duty of the court, at the request of either party, to find specially, is both reasonable and just.

The assignments of error, that the court erred in rendering judgment against appellant, and that the court erred in rendering judgment against her for costs, are not relied on by her, and therefore need not be noticed.

The judgment is affirmed, with costs.

Filed April 1, 1891.